# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDON BRITT,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>BRUCE PLUMLEY,<br><br>　　　　Respondent. | Case No. 1:18-cv-00386-EPG-HC<br><br>ORDER GRANTING RESPONDENT'S REQUEST TO SEAL DOCUMENTS |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On June 7, 2018, Respondent filed a motion to dismiss in response to the petition. (ECF Nos. 12, 14). Respondent also filed a request to seal Attachments 5 and 6 of the Declaration in Support of Respondent's Motion to Dismiss, or Alternatively, Response to Writ of Habeas Corpus Petition under 28 U.S.C. § 2241.

Federal Rules of Civil Procedure 5.2(d) provides that the Court may order that a filing be made under seal without redaction. In turn, Local Rule 141 provides, "Documents may be sealed only by written order of the Court, upon the showing required by applicable law." As a general rule, the public is permitted 'access to litigation documents and information produced during discovery.'" In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011) (quoting Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) and

1

citing San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999)). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure. See Kamakana, 447 F.3d at 1178–79.

The Court has considered the factors set forth in Oregonian Publ'g Co. v. U.S. Dist. Court, 920 F.2d 1462 (9th Cir. 1990). The Court finds that, for the reasons stated in Respondent's request, sealing Attachments 5 and 6 of the Declaration serves a compelling interest. The Court further finds that, in the absence of closure, the compelling interests identified by the government would be harmed. In light of the public filing of its request to seal, the Court further finds that there are no additional alternatives to sealing the government's motion that would adequately protect the compelling interests identified by the government.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Respondent's request to seal documents is GRANTED; and
2. The Clerk of Court is directed to file under seal the Attachments 5 and 6 of the Declaration in Support of Respondent's Motion to Dismiss, or Alternatively, Response to Writ of Habeas Corpus Petition under 28 U.S.C. § 2241.

IT IS SO ORDERED.

Dated: **June 25, 2018**

/s/ Erin P. Grosj

UNITED STATES MAGISTRATE JUDGE