# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANDON BRITT,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>BRUCE PLUMLEY,<br><br>　　　　Respondent. | Case No. 1:18-cv-00386-EPG-HC<br><br>ORDER DENYING RESPONDENT'S MOTION TO DISMISS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE CASE<br><br>(ECF No. 14) |

Petitioner Landon Britt is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that the Federal Bureau of Prison's categorical exclusion of 21 U.S.C. § 846 offenders with firearm enhancements from early release consideration after completing the Residential Drug Abuse Treatment Program exceeds its statutory authority under 18 U.S.C. § 3621 and is arbitrary and capricious, in violation of 5 U.S.C. § 706(2)(A).

For the reasons discussed herein, the Court denies Respondent's motion to dismiss and denies the petition for writ of habeas corpus.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the Federal Correctional Institution in Mendota, California. (ECF No. 20 at 1).[1] Petitioner pleaded guilty to one count of conspiracy to import, manufacture, distribute, possess with intent to distribute anabolic steroids, marijuana, oxycodone

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

and hydrocodone, in violation of 21 U.S.C. § 846, and one count of international money laundering conspiracy, in violation of 18 U.S.C. § 1956(a)(2)(A) and (h). (ECF No. 20-1 at 2; ECF No. 18 at 3). The sentencing court's guideline range determination included a two-level enhancement pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines ("USSG") for possession of a firearm.[2] (ECF No. 18 at 3). Petitioner is currently serving two concurrent fifty-seven-month terms of imprisonment.[3] (ECF No. 20-1 at 9–10).

On July 19, 2016, an initial offense review found Petitioner to be precluded from early release due to his current convictions for conspiracy and international money laundering pursuant to 28 C.F.R. § 550.55(b)(5)(ii)–(iii) and (b)(6). The initial offense review finding was approved on August 9, 2016. (ECF No. 20 at 5, 7; ECF No. 20-1 at 52–53).

On March 22, 2018, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). On June 8, 2018, Respondent filed a motion to dismiss, or in the alternative, response to the petition. (ECF No. 14). On July 23, 2018, Petitioner filed an opposition. (ECF No. 21). The parties have consented to the jurisdiction of a United States magistrate judge to conduct all proceedings in this case pursuant to 28 U.S.C. § 636(c). (ECF Nos. 5, 7).

## II.

## DISCUSSION

### A. Residential Drug Abuse Treatment Program ("RDAP")

In 1990, Congress directed the Federal Bureau of Prisons ("BOP" or "Bureau") to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b); Peck v. Thomas, 697 F.3d 767, 770 (9th Cir. 2012). The BOP offers a Residential Drug Abuse Treatment Program ("RDAP"), which is an intensive drug treatment program for federal inmates with verifiable substance use disorders. 28 C.F.R. § 550.53(b). As an incentive for successful completion of

---

[2] The application of the USSG § 2D1.1(b)(1) sentencing enhancement appears to have been incorporated as a part of Petitioner's plea agreement. (ECF No. 1 at 7). Petitioner's presentence report, which was adopted by the sentencing court without change, noted that when Petitioner was arrested at his residence, law enforcement found five loaded firearms and one unloaded firearm in various rooms in addition to ammunition and firearm magazines. (ECF No. 18 at 2; ECF No. 19 at 2).

[3] Petitioner was originally sentenced to two concurrent seventy-month terms of imprisonment. (ECF No. 20-1 at 2).

2

RDAP, Congress has determined that "[t]he period a prisoner convicted of a nonviolent offense remains in custody . . . may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B).

"Under the authority delegated by this statute, the BOP has implemented a regulation that categorically excludes certain classes of inmates from eligibility for § 3621(e)'s early release incentive." Peck, 697 F.3d at 770. The exclusions pertinent to the instant petition include:

> (5) Inmates who have a current felony conviction for:
>
>> (i) An offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another;
>>
>> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
>>
>> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or
>>
>> (iv) An offense that, by its nature or conduct, involves sexual abuse offenses committed upon minors;
>
> (6) Inmates who have been convicted of an attempt, conspiracy, or solicitation to commit an underlying offense listed in paragraph (b)(4) and/or (b)(5) of this section;

28 C.F.R. § 550.55(b) (2016). Here, the BOP found Petitioner to be precluded from early release due to his current convictions for conspiracy and international money laundering pursuant to 28 C.F.R. § 550.55(b)(5)(ii)–(iii) and (b)(6). (ECF No. 20 at 5, 7; ECF No. 20-1 at 52–53).

"The history of the BOP's attempts to implement these categorical exclusions is lengthy . . . . Initially, the regulation defined the term 'nonviolent offense' in § 3621(e) with reference to the statutory definition of 'crime of violence' found in 18 U.S.C. § 924(c)(3))." Peck, 697 F.3d at 770 (citing 28 C.F.R. § 550.58 (1995)). There was a circuit split with respect to the validity of the regulation, and so "[i]n 1997, the BOP published an interim rule, effective immediately, that categorically excluded from eligibility for early release inmates with current convictions for felony offenses 'involv[ing] the carrying, possession, or use of a firearm.'" Peck, 697 F.3d at 770 (quoting 28 C.F.R. § 550.58(a)(1)(vi) (1998)). The Supreme Court held that the

1997 rule was a permissible exercise of the BOP's discretion under § 3621(e)(2)(B). Lopez v. Davis, 531 U.S. 230, 233 (2001). The Supreme Court in Lopez declined to address whether "the Bureau violated the notice and comment requirements of the Administrative Procedure Act when it published the 1997 regulation." Id. at 244 n.6.

The 1997 interim rule was finalized in 2000 without change. The Ninth Circuit "held that the 2000 rule, insofar as it categorically excluded inmates convicted of firearm-possession offenses, was arbitrary and capricious under § 706(2)(A) of the APA [Administrative Procedure Act] because the agency failed to give a reasoned basis for its action." Peck, 697 F.3d at 770 (citing Arrington v. Daniels, 516 F.3d 1106, 1113–14 (9th Cir. 2008)). The BOP subsequently enacted identical provisions in a 2009 rule, which the Ninth Circuit held did not violate the APA. Peck, 697 F.3d at 776.

In 2016, the BOP amended 28 C.F.R. § 550.55(b)(6). The 2016 amendments did not include changes to the relevant provisions of 28 C.F.R. § 550.55(b)(5)(ii)–(iii). As Petitioner's early release determination occurred after the 2016 amendments became effective, the Court will address the regulations in place at that time.

**B. Jurisdiction Under 28 U.S.C. § 2241**

Petitioner asserts that the BOP's categorical exclusion of 21 U.S.C. § 846 offenders from early release consideration after completing RDAP is arbitrary and capricious, in violation of § 706(2)(A) of the APA. "The APA provides a cause of action for persons 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute,' but withdraws that cause of action to the extent that the relevant statute 'preclude[s] judicial review' or the 'agency action is committed to agency discretion by law.'" Reeb v. Thomas, 636 F.3d 1224, 1226 (9th Cir. 2011) (quoting 5 U.S.C. §§ 702, 701(a)). Relying on 18 U.S.C. § 3625,[4] Respondent argues that this Court lacks subject matter jurisdiction to entertain a challenge to the BOP's discretionary determination about whether to grant or deny a sentence reduction under 18 U.S.C. § 3621(e). (ECF No. 14 at 7).

---

[4] "The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625.

4

With respect to the applicability of the judicial review provisions of the APA to the BOP's RDAP determinations, the Ninth Circuit has held:

> There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701–706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621–3624. The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review.

Reeb, 636 F.3d at 1227. Although "federal courts lack jurisdiction to review the BOP's *individualized* RDAP determinations made pursuant to 18 U.S.C. § 3621," the Ninth Circuit has held that "judicial review remains available for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority." Reeb, 636 F.3d at 1228 (emphasis added); accord Rodriguez v. Copenhaver, 823 F.3d 1238, 1242 (9th Cir. 2016) (citing Close v. Thomas, 653 F.3d 970, 973–74 (9th Cir. 2011)). Therefore, "a *categorical* challenge to the BOP's interpretation of its own regulation . . . is not foreclosed from review." Abbott v. Fed. Bureau of Prisons, 771 F.3d 512, 514 (9th Cir. 2014) (emphasis added).

In the opposition to the motion to dismiss, Petitioner emphasizes that he is not challenging the BOP's individualized determination to deny Petitioner early release. Accordingly, as Petitioner is only challenging the BOP's categorical exclusion of 21 U.S.C. § 846 offenders with firearms enhancements from early release consideration after completing RDAP, Respondent's motion to dismiss is denied.

**C. Merits Analysis**

Petitioner argues that the BOP had no reasonable basis to categorically exclude § 846 offenders with firearm enhancements from early release consideration and thus exceeded its statutory authority under 18 U.S.C. § 3621(e) and violated 5 U.S.C. § 706(2)(A). Petitioner

requests the Court to "invalidate [28 C.F.R.] § 550.55(b)(6) and bar the preclusive effects of § 550.55(b)(5)(ii) and (iii) as applied to § 846 offenders." (ECF No. 1 at 7).

1. <u>BOP's Statutory Authority Under 18 U.S.C. § 3621(e)</u>

The Supreme Court has held that the BOP's implementation of a 1997 regulation that "categorically denie[d] early release to prisoners whose current offense is a felony attended by 'the carrying, possession, or use of a firearm' . . . [wa]s a permissible exercise of the Bureau's discretion under 18 U.S.C. § 3621(e)(2)(B)." <u>Lopez</u>, 531 U.S. at 233 (quoting 28 C.F.R. § 550.58(a)(1)(vi) (1998)). The Supreme Court framed the issue as follows:

> Beyond instructing that the Bureau has *discretion* to reduce the period of imprisonment for a nonviolent offender who successfully completes drug treatment, *Congress has not identified any further circumstance in which the Bureau either must grant the reduction, or is forbidden to do so*. In this familiar situation, where Congress has enacted a law that does not answer "the precise question at issue," all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design."

<u>Lopez</u>, 531 U.S. at 242 (emphasis added) (quoting <u>NationsBank of N.C., N.A. v. Variable Annuity Life Ins. Co.</u>, 513 U.S. 251, 257 (1995)).

<u>Lopez</u> involved a petitioner convicted of possession with intent to distribute methamphetamine, a nonviolent offense. However, Lopez's sentence was enhanced by two levels pursuant to USSG § 2D1.1(b)(1) upon a finding that Lopez possessed a firearm in connection with the underlying offense. <u>Lopez</u>, 531 U.S. at 236. The Supreme Court held that the BOP "may categorically exclude prisoners based on their preconviction conduct," and that "[t]he Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." <u>Lopez</u>, 531 U.S. at 244.

Petitioner's attempts to distinguish <u>Lopez</u> and to differentiate 21 U.S.C. § 846 convictions and 28 C.F.R. § 550.55(b)(6) from 21 U.S.C. § 841 convictions and 28 C.F.R. § 550.55(b)(5)(ii)–(iii) are not persuasive. For § 846 offenses, a two-level firearm enhancement pursuant to USSG § 2D1.1(b)(1) is proper even when the defendant did not personally use or

possess a firearm so long as the use or possession of the firearm by a coconspirator "was reasonably foreseeable and furthered jointly undertaken criminal activity." United States v. Ortiz, 362 F.3d 1274, 1278 (9th Cir. 2004); United States v. Diaz-Lozano, 674 F. App'x 702, 706 (9th Cir. 2017). Applying the analytical framework of Lopez, it is reasonable to conclude that "an inmate's prior involvement with firearms, in connection with the commission of a felony," Lopez, 531 U.S. at 244, encompasses the use or possession of the firearm by a coconspirator that "was reasonably foreseeable and furthered jointly undertaken criminal activity," Ortiz, 362 F.3d at 1278, and that such involvement "suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision," Lopez, 531 U.S. at 244.

Based on Lopez, the Court finds that the BOP did not exceed its statutory authority by excluding 21 U.S.C. § 846 offenders with firearm enhancements from early release consideration under 18 U.S.C. § 3621(e). Accordingly, Petitioner is not entitled to habeas relief on this ground.

2. Administrative Procedure Act

Section 706 of the APA provides in pertinent part that a "reviewing court shall hold unlawful and set aside agency actions, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983). "Agency action is presumed to be valid and must be upheld if a reasonable basis exists for the agency decision." Peck, 697 F.3d at 772 (citing Sacora v. Thomas, 628 F.3d 1059, 1068 (9th Cir. 2010)). "A reasonable basis exists where the agency 'considered the relevant factors and articulated a rational connection between the facts found and the choices made.'" Arrington v. Daniels, 516 F.3d 1106, 1112 (9th Cir. 2008) (quoting Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agric., 415 F.3d 1078, 1093 (9th Cir. 2005)).

In Peck, the Ninth Circuit held that the BOP did not violate the APA in enacting the 2009 version of 28 C.F.R. § 550.55(b)(5)(ii). Peck, 697 F.3d at 772–74. The Ninth Circuit found the following explanations to be sufficient to satisfy the APA:

> The Bureau clearly stated that, "in the correctional experience of
> the Bureau, the offense conduct of both armed offenders and
> certain recidivists suggests that they pose a particular risk to the
> public." 74 Fed. Reg. at 1895. The Bureau further explained that it
> was exercising its discretion because "[t]here is a significant
> potential for violence from criminals who carry, possess or use
> firearms" and that "in committing such offenses, these inmates
> displayed a readiness to endanger another's life." Id.

Peck, 697 F.3d at 773.

In enacting the 2016 version of 28 C.F.R. § 550.55(b)(5) without change, the BOP provided the same explanation as when it addressed the "issue in the final rule published on January 14, 2009 (74 FR 1892), in which [the BOP] stated the following":

> Under 18 U.S.C. 3621(e), the Bureau has the discretion to
> determine eligibility for early release consideration (See Lopez v.
> Davis, 531 U.S. 230 (2001)). The Director of the Bureau exercises
> discretion to deny early release eligibility to inmates who have a
> felony conviction for the offenses listed in § 550.55(b)(5)(i)-
> (iv) because commission of such offenses illustrates a readiness to
> endanger the public. Denial of early release to all inmates
> convicted of these offenses rationally reflects the view that, in
> committing such offenses, these inmates displayed a readiness to
> endanger another's life.
>
> The Director of the Bureau, in his discretion, chooses to preclude
> from early release consideration inmates convicted of offenses
> involving carrying, possession or use of a firearm and offenses that
> present a serious risk of physical force against person or property,
> as described in § 550.55(b)(5)(ii) and (iii). Further, in the
> correctional experience of the Bureau, the offense conduct of both
> armed offenders and certain recidivists suggests that they pose a
> particular risk to the public. There is a significant potential for
> violence from criminals who carry, possess or use firearms.
>
> As the Supreme Court noted in Lopez v. Davis, "denial of early
> release to all inmates who possessed a firearm in connection with
> their current offense rationally reflects the view that such inmates
> displayed a readiness to endanger another's life." Id. at 240. The
> Bureau adopts this reasoning. The Bureau recognizes that there is a
> significant potential for violence from criminals who carry, possess
> or use firearms while engaged in felonious activity. Thus, in the
> interest of public safety, these inmates should not be released
> months in advance of completing their sentences.
>
> It is important to note that these inmates are not precluded from
> participating in the drug abuse treatment program. However, these
> inmates are not eligible for early release consideration because the
> specified elements of these offenses pose a significant threat of
> dangerousness or violent behavior to the public. This threat
> presents a potential safety risk to the public if inmates who have

> demonstrated such behavior are released to the community prematurely. Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose.

Drug Abuse Treatment Program, 81 Fed. Reg. 24484, 24487 (Apr. 26, 2016).

With respect to § 550.55(b)(6), the BOP explained:

> Also, in § 550.55(b), the Director exercises his discretion to disallow particular categories of inmates from eligibility for early release, including, in (6), those who were convicted of an attempt, conspiracy, or other offense which involved an underlying offense listed in paragraph (b)(4) and/or (b)(5) of § 550.55. We narrowed the language of § 550.55(b)(6) to preclude only those inmates whose prior conviction involved direct knowledge of the underlying criminal activity and who either participated in or directed the underlying criminal activity. This change tailors the regulation to the congressional intent to exclude from early release consideration only those inmates who have been convicted of a violent offense. Furthermore, the changed language expands early release benefits to more inmates.

81 Fed. Reg. at 24486. Implicit in the BOP's reasoning regarding § 550.55(b)(6) is the determination that inmates who were convicted of an attempt, conspiracy, or solicitation of underlying criminal activity that involved the carrying, possession, or use of firearms "rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life." 81 Fed. Reg. at 24487. "Although the Bureau could have proffered a fuller explanation, the APA does not demand more." Peck, 697 F.3d at 773. As "a reasonable basis exists for the agency decision," id. at 772, the BOP did not violate the APA in enacting 28 C.F.R. § 550.55(b)(6).

3. Conclusion

Based on the foregoing, the Court finds the BOP's categorical exclusion of 21 U.S.C. § 846 offenders with firearm enhancements from early release consideration after completing RDAP does not exceed the BOP's statutory authority under 18 U.S.C. § 3621 and does not violate § 706(2)(A) of the Administrative Procedure Act. See also McQuown v. Ives, No. 3:16-cv-01927-KI, 2017 WL 359181 (D. Or. Jan. 24, 2017) (rejecting similar challenge to BOP's exclusion of 21 U.S.C. § 846 offenders with firearms enhancements from early release). Accordingly, Petitioner is not entitled to habeas relief.

## III.
## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Respondent's motion to dismiss (ECF No. 14) is DENIED;
2. The petition for writ of habeas corpus is DENIED; and
3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated: __December 19, 2018__      /s/ _Erin P. Grosj_
UNITED STATES MAGISTRATE JUDGE